## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TONYA DAVIS HARRIS,**                     **Case No:**

    *Plaintiff,*

    v.

**CANTEX, INC.,**

    *Defendant.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, TONYA DAVIS HARRIS ("Plaintiff" or "Ms. Davis Harris") by and through the undersigned counsel and sues  Cantex, Inc., ("Defendant" or "Cantex"), hereinafter and states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is invoked pursuant to 29 U.S.C § §  § 1331, 1343, 1367, and 29 U.S.C § 1343 and 29 U.S.C § 1367 in  that this is a civil action arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991; Civil Rights Act of 1866, 42 U.S.C. § 1981("Section 1981") 42 U.S.C. §1981(a).

2.    Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of her employment relationship with the Defendant,  in that a substantial part

of the events or motions giving rise to the claim occurred in this district in Auburndale, Florida which is located in the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.      Plaintiff is a resident of the state of Florida and was at all relevant times residing in Polk County, Florida while employed with the Defendant.

4.      Defendant, CANTEX, INC., is a corporation and at all relevant times doing business in the State of Florida, with a physical address of 202 Progress Road, Auburndale, Polk County, Florida 33823, employing at least fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff made a charge of discrimination with the Equal Employment and Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on ("FCHR") on March 19, 2021. Exhibit A.

6.      On June 3, 2022 the EEOC issued a Notice of Rights.  Exhibit B.  This Complaint has been filed within ninety (90) days of the receipt of the Dismissal and Notice of Rights; therefore, all conditions precedent to filing this Complaint.

7.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statues*, because more than one-hundred and eight (180) days have passed since the filing of this Charge.

## FACTUAL ALLEGATIONS

8.     Plaintiff was hired on September 12, 2005 to perform job duties as a Molding Operator in the Molding Department with the Defendant. During the start of her employment, John Davies (Caucasian) was the plant manager.  In 2018, Wayne Jeffries (Caucasian) assumed the position as plant manager.  Jean James (Caucasian) was the local Human Resources Officer for Defendant.

9.     From March 2005 until 2009 all annual performance evaluations were documented as satisfactory with no issues noted regarding her ability to efficiently perform assigned work duties.

10.     On or around 2009, Plaintiff was transferred to the Shipping Department as an Order Puller under the auspices of new direct management staff that included, Ralph Madrigal (Hispanic) who was the Manager of the Shipping Department and Michael Wilson (Caucasian) who was the direct supervisor.

11.     During Plaintiff's employment with Defendant, whether in the Molding or Shipping Department, there was a pervasive environment of racial

discrimination, bias and intimidation.  African-American workers were referred to by derogatory names.  They were under close monitoring, and there was no recourse for mistreatment during the grievance process when an African American employee complained of the racially biased environment or racially offensive comments.  They were either ignored, punished harshly, or terminated when they complained.

12.    A caste system existed at the workplace.  Caucasian employees were instilled at the top of the caste, the Hispanic employees in the middle, and African American employees at the bottom.  Disparate treatment and different terms and conditions of employment existed for African Americans than for Caucasian and Hispanic employees.

13.    In addition to observing the Caucasian members of management openly use racial epithets, Plaintiff observed Hispanic co-workers to violate several policies in the employee handbook which should have resulted in immediate termination.  The actions which were clearly violative of company policies, were never addressed via the progressive disciplinary system by members of management Ralph Madrigal and Michael Wilson.

14.    Plaintiff, during the workday, observed, Michael Wilson, Supervisor-Shipping openly refer to African Americans as "niggers" at the workplace on

multiple occasions. She made a verbal complaint to Jean James of the Human Resources Department. After the complaint by Plaintiff, the plant manager, John Davies, aware of her complaint, approached Ms. Plaintiff and stated, "It would be alright." No investigation, to her knowledge of his use of derogatory statements occurred. He continues to be employed with Defendant.

15.   On or around April 2014, while performing work duties, Ralph Madrigal, suddenly approached Ms. Plaintiff in a physically aggressive manner, yelling loudly and aggressively pointed his finger in the face of Ms. Plaintiff. He was falsely accusing her of failing to perform her job duties; and he was in such close proximity saliva was sprayed in her face. Plaintiff never observed Ralph Madrigal to conduct himself in this manner towards any Caucasian or Hispanic employees at the plant. She verbally reported this incident to the plant manager John Davies. This incident was never investigated, and no disciplinary action was issued.

16.   In October 2015, Plaintiff observed a fellow employee (Caucasian/Hispanic) arrive to work with her face and body painted black, while wearing a wig mimicking an afro hair style. She was essentially dressed in blackface. The employee was allowed to work her entire shift in blackface. She also took photos with the then plant manager John Davies, and another Caucasian employee. African-American employees complained of the employee being in

blackface.  This offensive matter was never investigated, and the employee was never disciplined or terminated.

17.     In January 2020, Ralph Madrigal, without explanation or a request from Plaintiff relocated her to an isolated area in the warehouse which was extremely hotter than other areas of the plant.  None of the other members of the crew were relocated to work in this area. She worked in this area alone. Plaintiff normally worked in a designated area near the front entrance of the plant with other crew members; including management.   There are ten (10) employees assigned to the Shipping Department. The other members of the crew continued to perform their job duties in the normally assigned area.

18.     In September 2020, Michael Wilson continued to use derogatory terms when referring to African American, as he would openly refer to the then Democratic vice-presidential running mate, who was of African and East Indian descent, openly as a "nigger woman."  He would also state that the "Proud Boys won't like it if Biden allows that "nigger woman" to be his vice president.  He would openly refer to African Americans as "porch monkeys."

19.     Periodically prior to and before 2020, another co-worker Hector Vargas, Shipping Department, (Hispanic) was being heckled by fellow Hispanic employees concerning his clothing choices. Those Hispanic employees openly

made references about the clothing directly to Hector Vargas.  In December 2020, several months after the one of the incidents of heckling, Defendant accused Plaintiff of engaging in sexual harassment of Hector Vargas. The Hispanic employees in the shipping department who initiated the heckling and commented about the clothing of Hector Vargas were never disciplined or investigated.

20.     On or around August 2020, Plaintiff retrieved a forklift from a location in the plant where it was previously parked by a Hispanic co-worker. After using the forklift, she returned it to the same location of retrieval.  Plaintiff was issued a written disciplinary warning for parking the forklift in the location, while the Hispanic employee, who parked it in the same location was not issued any disciplinary action. This level of disciplinary action is in stark contrast to the disciplinary actions or lack thereof for Hispanic employees who engaged in  more severe offenses.   In 2017 a female Hispanic co-worker assigned to the same department as the Plaintiff, was carelessly using the forklift causing several thousand dollars in damage to the plant.  She incurred no disciplinary action.

21.     In July 2020, a Hispanic male, assigned to the same department as Plaintiff was negligently operating a forklift, outside the scope of his assigned duties causing damage to another piece of equipment resulting in considerable monetary damages.  The incident was observed on camera by management. The

actions of male Hispanic employee should have been an immediately terminable offense; however, he is still employed with the Defendant.

22.     In August 2020, Plaintiff, and other team members while jokingly discussing the operation of forklifts with fellow employees made a metaphorical reference to a 46-year-old male Hispanic co-worker, by saying " I should beat your behind," which was met with laughter by the co-worker and other team members. Plaintiff who was 59 years old at the time, four (4) months later in December 2020, of issuing physical threats of violence towards the male Hispanic co-worker because of this comment. This alleged "threat" was used as basis to terminate Plaintiff.

23.     Also In December 2020, prior to the termination of Plaintiff, observed the same male co-worker introduce alcohol to the grounds of Defendant.  Per the employee handbook, alcohol is forbidden at the worksite and is a terminable offense.  Management and other employees were aware of the actions of the Hispanic employee. He was simply asked to remove the alcohol.  No investigation or disciplinary action was issued against the Hispanic employee.

**24.**     On December 8, 2020, Plaintiff was approached by her supervisor Ralph Madrigal and falsely accused of threats of violence towards the male Hispanic employee regarding the August 2020 conversation. She was immediately

8

suspended for two (2) days.  During the suspension, she contacted Vice-President of Cantex, Steve Eddiger (Caucasian) via telephone on December 9, 2020, and revealed to him her concerns about disparate treatment.  After the two (2) days of suspension, she returned to work for a meeting, during the meeting, she was falsely accused of sexual harassment towards the Hispanic male employee and was immediately terminated.

<u>**RACE DISCRIMINATION - 42 U.S.C. §1981**</u>

Civil Rights Act of 1866, 42 U.S.C. § 1981("Section 1981")

25.     Plaintiff repeats and realleges the allegations as set forth in paragraphs 1 through 24 above as if set forth herein.

26.     Plaintiff is a member of a protected class under 42 U.S.C. §1981.

27.     By the conduct described above, the Defendant, a private employer, engaged in unlawful employment practices and discriminated against the Plaintiff because of her race.

28.     Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for the Defendant and Plaintiff was compensated.

29.     Plaintiff performed her contractual obligations.

30.     Defendant violated Plaintiff's rights under 42 U.S.C. §1981 by disciplining and terminating her employment because of her race.

31.     The actions of the Defendant were intentional and deliberate.

32.     The actions of the Defendant were motivated by race-based considerations.

33.     As a direct and proximate result of the discriminatory actions of the Defendant, Plaintiff suffered and continues to suffer mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT II

## TITLE VII – RACE DISCRIMINATION

34.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

35.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII).

36.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

37.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

38.     Defendant by the conduct mentioned above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

39.     Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

40.     Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

41.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

42.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT III

## <u>TITLE VII – RACE DISCRIMINATION – (RETALIATION)</u>

43.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

44.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*  ("Title VII).

11

45.    Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

46.    As Plaintiff's employer, Defendants had a duty to refrain from retaliation against the Plaintiff on the basis of race.

47.    Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race after she complained of unequal treatment and practices within the plant.

48.    Defendant's unlawful retaliation and subsequent termination of Plaintiff's employment as described above, were based on her race.

49.    The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

50.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT IV

## FLORIDA CIVIL RIGHTS ACT OF 1992 – (RACE)

51.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

52.     Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

53.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

54.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

55.     Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

56.     Defendant's harassment, retaliation, disparate treatment and subsequent termination of her employment as described above, were based on her race.

57.     Defendant treated Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

58.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

59.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT V

## FLORIDA CIVIL RIGHTS ACT OF 1992 – (RETALIATION-RACE)

60.    Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

61.    Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA).

62.    Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

63.    As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

64.    Plaintiff by the conduct described above, Defendant engaged in unlawful practices and retaliated against the Plaintiff because of her race.

65.    Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

66.     Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

67.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

68.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to. mental anguish, physical and emotional distress, loss of income and benefits.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant on each of her respective claims, and:

a.      Award the Plaintiff back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Award Plaintiff all other relief as the Court deems appropriate.

h.      Requests a jury trial on all issues triable by jury.

Respectfully submitted,

Date: September 1, 2022                    By: /s/Octavia Brown
                                           **Octavia Brown, Esq.,**
                                           Florida Bar Number: 0011778
                                           Octavia.brown@community-lawyer.com
                                           **Community Law, PLLC**
                                           3104 N. Armenia Avenue, STE 2
                                           Tampa, Florida 33607
                                           PH:   (813) 822-3522
                                           FAX: (863) 250-8228
                                           *Trial Attorney for Plaintiff*

EXHIBIT A

EEOC Form 5 (11/09)

RECEIVED
MAR 10 2021
EEOC TAMPA FIELD OFFICE

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| **X** FEPA | 511-2021-01322 |
| **X** EEOC | |

**Florida Commission On Human Relations** _____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tanya Davis Harris** | **863-934-2343** | **1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **601 Orange Street, Auburndale, Florida 33823** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Cantex** | **Over 500** | **863-967-4161** |

| Street Address | City, State and ZIP Code |
|---|---|
| **201 Progress Road, Auburndale, Florida** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

**X** RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

**X** RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

**X** OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **2005**     Latest **12-11-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Exhibit A

EEOC Form 5 (11/09)

RECEIVED
MAR 19 2021
EEOC TAMPA FIELD OFFICE

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 511-2021-01322 |

| **Florida Commission On Human Relations** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Exhibit A

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Mar 18, 2021 | *Tonya Davis Harris (Mar 18, 2021 17:01 EDT)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
|---|---|---|
| *Date* | *Charging Party Signature* | |

RECEIVED
MAR 2021
EEOC TAMPA FIELD OFFICE

<u>EXHIBIT A</u>

I, Tanya Davis-Harris, hereby swear and affirm under penalty of perjury that the following is true and correct to the best of my recollection:

1. Tanya Davis-Harris, African American was employed by Cantex, 2021 Progress Road, Auburndale, Polk County, Florida 33823.

2. Ms. Davis-Harris was hired on September 12, 2005 to perform job duties as a Molding Operator in the Molding Department. During the start of her employment, John Davies (Caucasian descent) was the plant manager.  In 2018, Wayne Jeffries (Caucasian) assumed the position as plant manager.  Jean James (Caucasian) is and still remains the local Human Resources Office for Cantex.

3. Cantex is a private manufacturing company. The headquarters of Cantex is located in the state of Texas.  Additionally, Cantex has other work sites in the states of Arizona and Ohio.

4. From March 2005 until 2009 all annual performance evaluations were documented as satisfactory with no issues noted regarding her ability to efficiently perform assigned work duties.

5. On or around 2009, Ms. Davis-Harris was transferred to the Shipping Department as an Order Puller under the auspices of new direct management staff that included, Ralph Madrigal (Hispanic) who was the Manager of the Shipping Department and Michael Wilson (Caucasian) who was the direct supervisor. of Ms. Davis-Harris.

6. During Ms Davis-Harris employment with Cantex, whether in the Molding or Shipping Department, there was a pervasive environment of racial discrimination, bias and intimidation.  African-American workers were referred to by derogatory names.  They were under close monitoring, and there was no recourse for mistreatment during the grievance process when an African American employee complained of the racially biased environment or racially offensive comments. They were either ignored, punished harshly, or terminated when they complained.

7. A caste system existed at the workplace.  Caucasian employees were instilled at the top of the caste, the Hispanic employees in the middle, and African American employees at the bottom.  Disparate treatment and different terms and conditions of employment existed for African Americans than for Caucasian and Hispanic employees.

RECEIVED
MAR 19 2021
EEOC TAMPA FIELD OFFICE

8.  In addition to observing the Caucasian member of management openly use racial epithets, Ms. Davis- Harris observed Hispanic co-workers to violate several policies in the employee handbook which should have resulted in immediate termination.  However, the actions which were clearly violative of company policies, were never addressed via the progressive disciplinary system by Ralph Madrigal and Michael Wilson.

9.  Ms. Davis-Harris, during the workday, observed, Michael Wilson, Supervisor-Shipping openly refer to African Americans as "niggers" at the workplace on multiple occasions. She made a verbal complaint to Jean James of the Human Resources Department. After the complaint by Ms. Davis-Harris, the plant manager, John Davies, aware of her complaint, approached Ms. Davis-Harris and stated, "It would be alright." No investigation, to her knowledge of his derogatory statement occurred.  He continues to be employed with Cantex.

10. On or around April 2014, while performing work duties, Ralph Madrigal, suddenly approached Ms. Davis-Harris in a physically aggressive manner, yelling loudly and aggressively pointed his finger in the face of Ms. Davis-Harris.   He was falsely accusing her of failing to perform her job duties; and he was in such close proximity saliva was sprayed in her face.  Ms. Davis-Harris never observed Ralph Madrigal to conduct himself in this manner towards any Caucasian or Hispanic employees at the plant.  She verbally reported this incident to the plant manager John Davies. This incident was never investigated, and no disciplinary action was issued.

11. In October 2015, Ms. Davis-Harris observed a fellow employee (Caucasian/Hispanic) arrive to work with her face and body painted black, while wearing a wig mimicking an afro hair style.  She was essentially dressed in blackface.  The employee was allowed to work her entire shift in blackface.  She also took photos with the then plant manager John Davies, and another Caucasian employee.  This offensive matter was never investigated.

12. In January 2020, Ralph Madrigal, without explanation or a request from Ms. Davis-Harris relocated her to an isolated area in the warehouse which was extremely hotter than other areas of the plant.  None of the other members of the crew were relocated to work in this area. She worked in this area alone. Ms. Davis-Harris normally worked in a designated area near the front entrance of the

RECEIVED
591 2021 03922
MAR 18 2021
EEOC TAMPA FIELD OFFICE

plant with other crew members; including management.  There are ten (10) employees assigned to the Shipping Department. The other members of the crew continued to perform their job duties in the normally assigned area.

13. In September 2020, Michael Wilson would openly refer to the Democratic vice presidential running mate openly as a "nigger woman."  He would also state that the "Proud Boys won't like it if Biden allows that "nigger woman" to be his vice president.  He would openly refer to African Americans as "porch monkeys."

14. Periodically prior to and before 2020, another co-worker Hector Vargas, Shipping Department, (Hispanic) was being heckled by fellow Hispanic employees concerning his clothing choices. Those Hispanic employees openly made references about the clothing directly to Hector Vargas.  Ms. Davis-Harris never spoke to Hector Vargas directly but responded to a comment by another fellow Hispanic worker.   In December 2020, several months after the one of the incidents of heckling, accused of engaging in sexual harassment of Hector Vargas. The actual employees in the shipping department who initiated the heckling and commented about the clothing of Hector Vargas were never accused or investigated.

15. On or around August 2020, Davis-Harris retrieved a forklift from a location in the plant where it was previously parked by a Hispanic co-worker Jeff Garcia. After using the forklift, she returned it to the same location of retrieval.  Ms. Davis-Harris was issued a written disciplinary warning for parking the forklift in the location, while Jeff Garcia (Hispanic), who parked it in the same location was not issued any disciplinary action. This level of disciplinary action is in stark contrast to the disciplinary actions or lack thereof for Hispanic employees who engaged in more severe offenses.  In 2017 a co-worker, Maria Lopez, (Hispanic) Shipping Department, was carelessly using the forklift causing several thousand dollars in damage to the plant.  She incurred no disciplinary action. July 2020, Jose Penalosa, Shipping Department (Hispanic) was carelessly using a forklift at the worksite; he was horseplaying on the equipment which resulted in damage to another piece of equipment, and which also resulted in considerable monetary damages.  The incident was observed on camera by management. The actions of Jose Penalosa should have been an immediately terminable offense; however, he is still employed with Cantex.

16. In August 2020, Ms Davis-Harris, subsequently after she was issued the disciplinary action was talking about the forklift incident with Hector Vargas. She made a light-hearted reference to him, stating, " I should beat your behind." He laughed; as well as the other co-workers. Hector Vargas is 46 years old, and Ms.

RECEIVED
MAR 16 2021
EEOC TAMPA FIELD OFFICE

Davis-Harris is 59 years old.  Ms. Davis-Harris was accused in December 2020, four (4) months following, of issuing physical threats of violence towards Hector Vargas because of this comment. This playful banter was used as basis to terminate Ms. Davis-Harris.

17. In December 2020, prior to the termination of Ms. Davis-Harris, she observed Hector Vargas introduce alcohol to the grounds of Cantex.  Per the employee handbook, alcohol is forbidden at the worksite and is a terminable offense. Management and other employees were aware of Mr. Vargas' actions. He was simply asked to remove the alcohol.  No investigation or disciplinary action was issued against Hector Vargas.

18. On December 8, 2020, Ms. Davis-Harris was approached by her supervisor Ralph Madrigal and falsely accused of threats of violence towards Hector Vargas regarding the August 2020 conversation. She was immediately suspended for two (2) days.  During the suspension, she contacted Vice-President of Cantex, Steve Eddiger (Caucasian) via telephone on December 9, 2020, and revealed to him her concerns about disparate treatment.  After the two (2) days of suspension, she returned to work for a meeting, during the meeting, she was further accused of sexual harassment towards Hector Vargas; and she was immediately terminated.

19. She believes her termination was pretext since the alleged incidents which formed the basis of her termination occurred prior to 2020, in earlier periods in 2020, as well as in August 2020, and the real reason for her termination was directly related to her race (Black) and retaliation.  African American employees are treated differently than Caucasian and Hispanic employees under similar conditions.  The Respondent has violated Title VII of the Civil Rights of Act of 1964 and the Florida Civil Rights Act.

Pursuant to section 92.525, Florida Statutes, (2020), I declare and indicate by my respective signature under penalty of perjury that the factual statements set forth above are true and correct.

*Tanya D'Harris*
Tonya Davis Harris (Mar 16, 2021 10:45 EDT)

Tanya Davis- Harris Affiant

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/3/2022

**To:** Ms. Tanya Davis Harris
601 Orange St.
Auburndale, FL 33823

Charge No: 511-2021-01322

EEOC Representative and email:   STANLEY MOFFETT
Federal Investigator
stanley.moffett@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2021-01322.

On behalf of the Commission,

---

Evangeline Hawthorne
Tampa Field Office Director

**Cc:** McGuinness & Cicero
  Attn: Candace D. Cronan, Esq.
  1000 Sawgrass Corporate Pkwy
  Suite #: 590
  Sunrise, Florida 33323

  candace.cronan@mc-atty.com


  Community Law, PLLC.
  Attn: Octavia Brown, Esq.
  3104 North Armenia Avenue
  Suite #:2
  Tampa, Florida 33607

  Octavia.brown@community-lawyer.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 511-2021-01322 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.